Tbe opinion of tbe Court was delivered by
O’Neall, J.
This Court concurs in the ruling of tbe Judge below, and only on tbe first ground deems it important to add a word.
To permit secondary evidence of a deed it is necessary that there should be some evidence of tbe loss.
Tbe loss of tbe deed must be first shown, at least prima fade, before a step can be taken. Tbe Judge must necessarily decide on tbe showing whether it is sufficient to admit tbe proof of tbe existence and contents. .
Tbe proof, it is true, in this case looks to be slight, until it is remembered that the deed was traced to tbe possession of tbe grantor himself, and who afterwards conveyed to tbe defendant, and is now out of tbe State. He was to have tbe deed recorded; it was delivered to him for that purpose at tbe door of tbe clerk’s office. It has not been recorded; it is not to be found in tbe clerk’s office, where search has been made.
Jesse Edwards, tbe grantor, who conveyed after bis conveyance to the plaintiffs, was interested to destroy tbe deed. He is now beyond tbe power of tbe Court. Fifteen years have passed since tbe execution of tbe deed. These facts „ make out, I think, a prima fade case of loss.
*542 To this now must be added tbe verdict of the jury to whom the question of loss was submitted, and as was said by Whit-ner, J., in Berry vs. Jourdan, 11 Rich. 76, “if any doubt has been entertained upon the proof then before the Judge, that doubt must be entirely removed by the sequel in the testimony clearly corroborated by the verdict of the jury.”
The motion is dismissed.
WARDLAW, WITHERS, Whither, G-lover, and Muhro, JJ., concurred. • v

Motion dismissed.